IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 17-115 |
| | : | |
| ERNESTO DELCID-GUDIEL | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Ernesto DelCid-Gudiel files this memorandum in aid of mitigation at sentencing. Mr. DelCid-Gudiel has entered into a plea agreement with the government pursuant to this district's USSG 5K3.1 Early Disposition, or "Fast Track", Program. The Presentence Investigation Report prepared by United States Probation Officer Loris Shehata concludes that the total offense level 10, Criminal History Category II. However, pursuant to stipulation, the government and the defense recommend an additional 2-level downward departure resulting in a total offense level of 8, criminal history category II, and a recommended guideline range of 4-10 months.

Mr. DelCid-Gudiel was arrested by ICE on January 25, 2017. At the time of sentencing, he will have been in custody on these charges for more than eight months. He will further remain in ICE custody after the completion of his sentence while he awaits deportation to Guatemala. Given the particular facts and circumstances of this case, the defense suggests that a sentence of time served would best fulfill sentencing goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and the subsequent cases reaffirming its holding, and 18 U.S.C. §3553(a).

I.     **PROCEDURAL HISTORY**

Mr. DelCid-Gudiel was taken to the Philadelphia ICE Office and arrested by ICE on January 25, 2017. On March 3, 2017, the United States Attorney's Office for the Eastern District of Pennsylvania filed an indictment charging Mr. DelCid-Gudiel with one count of Illegal Reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. DelCid-Gudiel entered a guilty plea to the indictment on May 17, 2017. Sentencing is scheduled for August 30, 2017.

II.    **MR. DELCID-GUDIEL'S PERSONAL HISTORY**

Mr. DelCid-Gudiel's personal history is briefly summarized in the pre-sentence report. He had a life which is similar to most people who stand before this Court awaiting sentencing for this offense. He grew up in a close knit, but financially poor family in rural Guatemala. The defendant left school in the 4th grade to begin working alongside his father in the fields. He made the decision to come to this country and leave his family behind in order to improve his earning capacity and better provide for his family. He immediately began working and consistently maintained employment during the time he was in this country. Mr. DelCid-Gudiel has children, parents, siblings and extended family in Guatemala to help support him when he is deported; he and his contacts in this country are aware that he may not return.

His motivation for re-entering was only to work to support his family. Even now, as he remains in custody, he is faced with the added stress of hearing how his incarceration is affecting his children's standard of living. As a result of this, he is firmly resolute to never return to this country. He realizes that he cannot return to this country without risking re-arrest and additional criminal penalties. This experience has impacted him deeply and has served the deterrent effect that his prior contact with immigration did not achieve. Additionally, he knows that the current political climate supports the implementation of harsher penalties for aliens with histories of

prior convictions and deportations, such as him. This further reinforces the need for him to refrain from reentering the United States.

## III. APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

The Court must consider all of the factors identified in 18 U.S.C. §3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. §3553(a)(1).

### A. The Nature and Circumstances of the Offense and History and Characteristics of Mr. DelCid-Gudiel

Mr. DelCid-Gudiel's work history and his motive for the commission of the instant offense, all weigh in favor of a sentence of time served.

### B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

*1. To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr. DelCid-Gudiel's period of incarceration is especially difficult given his inability to help his family. The guidelines generally account for harm, but not at all for the motive for committing the offense, which is highly relevant. Mr. DelCid-Gudiel understands that he should not have returned to the United States and is acutely aware of the potential for additional punishment in this and future cases. A sentence of time served would not promote a lack of respect for the law as Mr. DelCid-Gudiel is presently incarcerated and will remain in custody at a minimum until deportation.

As the Court is aware, deportations are not immediate and Mr. DelCid-Gudiel is likely to be incarcerated beyond whatever sentence this Court imposes. A time served sentence represents a high end guideline range sentence. Sentences within the guideline range are relatively common for many similarly compelling reasons and do not undermine respect for the law.

2. *To afford adequate deterrence to criminal conduct.*

A sentence above time served is neither warranted nor necessary to further deter Mr. DelCid-Gudiel from returning. He understands what he would likely face if he returns in the future, which is unfathomable to him given his present guideline range. Mr. DelCid-Gudiel has been incarcerated since January 25, 2017. Mr. DelCid-Gudiel is very much aware of the significant period of incarceration he faces both and now and in the future should he to return again. Moreover, the fact that Mr. DelCid-Gudiel was prosecuted for this offense, in lieu of immediate deportation, should serve as sufficient deterrence.

3. *To protect the public from further crimes of the defendant.*

Mr. DelCid-Gudiel poses no threat to the public. He will be returned to immigration custody for deportation upon completion of his sentence. Protection of the public is of diminished concern in this case.

**C.  Kinds of Sentences Available**

The range of sentences statutorily available to the Court, including the advisory guidelines range, are listed in Part D of the PSR. Based upon a total offense level of 8 and a criminal history category of II, the guideline imprisonment range is 4 to 10 months; since the range is in Zone B of the Sentencing Table, a sentence of imprisonment is not required. Further, USSG section 5D1.1(c) discourages the Court from imposing a period of supervised release. It reads as follows: The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.

**IV. CONCLUSION**

Based on the above reasons, the defense respectfully requests the Court impose a sentence of time served.

Respectfully submitted,

 */s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Chief, Trial Unit

# CERTIFICATE OF SERVICE

I, Elizabeth L. Toplin, Assistant Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically served a copy of Defendant's Sentencing Memorandum *via* Electronic Case Filing and hand delivery, upon Nelson S.T. Thayer Jr, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

*/s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Chief, Trial Unit

Date:   August 7, 2017